NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANGEL ALFREDO AVILA-CRUZ,

        Petitioner,

  v.

MATTHEW G. WHITAKER, Acting
Attorney General,

        Respondent.

No.   16-73382

Agency No. A200-707-499

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019[**]

Before:     TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Angel Alfredo Avila-Cruz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' decision dismissing his appeal from

an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C.

§ 1252. We review de novo questions of law and claims of due process violations.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in determining Avila-Cruz is removable, where the written pleadings submitted by his accredited representative admitted the factual allegations in the notice to appear and conceded removability. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 830 (9th Cir. 2011) (absent egregious circumstances, counsel's written admission is binding on the alien client and may be relied upon as evidence of removability). The agency did not err or violate due process in denying his motion to withdraw his pleadings, where he did not show any prejudice from his representative's admissions because subsequent filings and his own testimony established he entered the United States illegally. *See id.* at 831-32 (egregious circumstances that would warrant withdrawing pleadings include: if binding the alien to the admissions would produce an unjust result, if the admissions are untrue, or if the admissions were the result of ineffective assistance of counsel, which requires a showing of error and prejudice); *Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We lack jurisdiction to review Avila-Cruz's unexhausted contention regarding eligibility for withholding of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not

presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**